IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HARRY S. JOHNSON, an individual,<br><br>　　Plaintiff,<br><br>v.<br><br>MICHAEL HEATH and DAWN HEATH, individuals,<br><br>　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ATTORNEY FEES**<br><br>Case No. 2:17-cv-00416<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

　　This case stems from the sale of a gas station in Wells, Nevada. Plaintiff Harry Johnson was the buyer and Defendants Michael Heath and Dawn Heath were the sellers and partial lenders. Plaintiff filed this suit against Defendants asserting: (1) a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) and (2) various state common law causes of action.[1] The court dismissed Plaintiff's civil RICO claim with prejudice and declined to exercise supplemental jurisdiction over the remaining state law claims.[2] Before the court now is Defendants' Motion for Attorney Fees.[3] For the reasons explained below, Defendants' Motion is DENIED.

## BACKGROUND

　　In 2014, Plaintiff purchased a gas station in Wells, Nevada from Defendants. Relevant here are three documents executed in connection with the purchase.

　　First, the parties signed a Purchase Agreement, which provides in relevant part:

> Attorney Fees. Both parties agree that, should either Party default in any of the covenants or agreements herein contained, the prevailing Party in litigation shall be

---

[1] *See* dkt. 95.

[2] *See* dkt. 133; dkt. 141.

[3] Dkt. 139.

1

> entitled to all costs and expenses, including a reasonable attorney's fees, which may arise or accrue from enforcing or terminating this contract, or in obtaining possession of the Property, or in pursuing any remedy provided hereunder or by applicable law.[4]

Second, Plaintiff signed a Note Secured by Deed of Trust (the Promissory Note), which provides in relevant part:

> The undersigned jointly and severally agree to pay the following costs, expenses and attorney's fees paid or incurred by the holder of this Note, or adjudged by a court; (1) reasonable costs of collection, costs and expenses and attorney's fees paid or incurred in connection with the collection of this Note, whether or not suit is filed, and (2) costs of suit and such sum as the court may adjudge as attorney's fees in any action to enforce payment of this Note or any part of it.[5]

Third, the parties secured the Promissory Note by executing a Deed of Trust, which provides in relevant part:

> To protect the security of the deed of trust, Trustor agrees: To appear in and defend any action or proceeding to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses of Beneficiary and Trustee, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear or be named, and in any suit brought by Beneficiary or Trustee to foreclose this Deed of Trust.[6]

The Deed of Trust names Plaintiff as "Trustor," Land Exchange Corporation as "Beneficiary," and Stewart Title Company as "Trustee."[7]

Plaintiff filed this lawsuit on May 5, 2017.[8] Plaintiff thereafter filed a First Amended Complaint[9] as a matter of course and a Second Amended Complaint[10] by stipulation of the

---

[4] Dkt. 95-3 at 18.

[5] Dkt. 95-3 at 36.

[6] Dkt. 95-3 at 38.

[7] Dkt. 95-3 at 38. The Deed of Trust names "Land Exchange Corporation, a Utah corporation, Qualified Intermediary for Michael Daniel Heath and Dawn Daisy Heath, husband and wife, as joint tenants" as "Beneficiary." Dkt. 95-3 at 38.

[8] Dkt. 2.

[9] Dkt. 6.

[10] Dkt. 15.

parties. The Second Amended Complaint alleged both a civil RICO cause of action and numerous state common law causes of action.[11] Defendants moved to dismiss the Second Amended Complaint, and the court dismissed it without prejudice.[12] Plaintiff then filed a Third Amended Complaint, again asserting causes of action under civil RICO and various state common law theories.[13] Defendants moved to dismiss the Third Amended Complaint.[14] The court dismissed Plaintiff's civil RICO claim with prejudice and declined to exercise supplemental jurisdiction over Plaintiff's state law claims.[15] On July 26, 2019, Defendants filed a Motion for Attorney Fees.[16] The Motion is now ripe for the court's consideration.

## ANALYSIS

Defendants argue that—as the prevailing party in this litigation[17]—they are entitled to reasonable attorney fees under the terms of the Purchase Agreement, Promissory Note, and Deed of Trust.[18] Defendants premise their Motion on Utah and Nevada law, both of which permit a prevailing party to recover reasonable fees when a contract so provides.[19] Plaintiff responds that (1) the court should decline to exercise jurisdiction over Defendants' Motion[20] and (2) even if the

---

[11] *See* dkt. 15.

[12] *See* dkt. 26; dkt. 61; dkt. 62.

[13] Dkt. 95.

[14] Dkt. 103.

[15] *See* dkt. 133; dkt. 141.

[16] Dkt. 139.

[17] The parties agree that Defendants prevailed on Plaintiff's civil RICO claim.

[18] *See* dkt. 139.

[19] *See* Utah Code § 78B-5-826; Nev. Rev. Stat. § 18.010.

[20] Dkt. 148 at 4–5.

court has jurisdiction to consider Defendants' Motion, it should nonetheless be denied because Defendants are not contractually entitled to fees.[21] The court considers each argument in turn.

## I. THE COURT CAN CONSIDER DEFENDANTS' MOTION

Plaintiff argues that because the court declined to exercise supplemental jurisdiction over his state law claims, the court cannot consider Defendants' Motion because it implicates questions of state law.[22] The court disagrees.

As the Tenth Circuit has explained, "a district court may abstain from hearing a case and still retain the power to consider a prevailing party's request for attorney's fees."[23] "This is because a claim for attorney's fees gives rise to issues separate and distinct from the merits of the original cause of action."[24] That is, determining whether a party is entitled to attorney fees is a collateral matter that does not require the court to rule on the merits of the underlying action. Here, Defendants' Motion does not require that the court consider the merits of Plaintiff's state law claims. Instead, the court need only determine whether the parties' various contracts entitle Defendants—as the prevailing party on Plaintiff's civil RICO claim—to a fee award. Thus, the court concludes it has jurisdiction to consider Defendants' Motion.[25]

---

[21] Dkt. 148 at 2–9. The court also notes that Plaintiff seems to raise a conflict of laws issue in his Opposition when he states, "[Defendants] . . . cite no authority that provides that Utah law governs a contract executed and performed in Nevada." Dkt. 148 at 4–5. Plaintiff does not further elaborate on this issue in his briefing, and Defendants' briefing is similarly unhelpful in determining which state's laws apply here. The court need not resolve this issue, however, because it concludes the outcome is the same under both Utah and Nevada law.

[22] Dkt. 148 at 4–5. Specifically, Plaintiff points to the fact that Defendants' Motion relies on Utah and Nevada statutes that permit an award of attorney fees to the prevailing party in litigation if a contract so provides.

[23] *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1236 (10th Cir. 2013).

[24] *Id.* Although *Osguthorpe* involved abstention under the *Colorado River* doctrine—which provides that a federal court may, under certain circumstances, dismiss a suit due to the presence of a concurrent state court proceeding—the court finds *Osguthorpe*'s logic equally compelling in this context. The Tenth Circuit has also applied this rule in holding that a district court retained jurisdiction to consider a motion for attorney fees after the district court dismissed the underlying case for lack of subject-matter jurisdiction. *See United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1055 (10th Cir. 2004). Taken together, Tenth Circuit precedent suggests courts retain jurisdiction to resolve motions for attorney fees even if the court has dismissed the underlying action.

[25] This same conclusion was recently reached in *Zibalstar, L.C. v. Conte*, 2:17-cv-563, 2019 WL 277603, at *1–2 (D. Utah Jan. 22, 2019), a case involving a fact pattern nearly identical to the case at hand.

## II. DEFENDANTS ARE NOT ENTITLED TO ATTORNEY FEES

Defendants argue that—as the prevailing party on Plaintiff's RICO claim—they are entitled to reasonable attorney fees under the attorney fee provisions in the Purchase Agreement, Promissory Note, and Deed of Trust.[26]  Plaintiff responds that none of the aforementioned provisions entitle Defendants to an award of attorney fees.[27]  The court agrees with Plaintiff.

### A. Legal Standard

Both Utah and Nevada law permit a prevailing party to recover reasonable attorney fees in a civil action when there exists a contractual basis for such recovery.[28]  Contractual provisions allowing for recovery of attorney fees are strictly construed under both Utah and Nevada law.[29]

### B. Purchase Agreement

The Purchase Agreement provides:

> [S]hould either Party default in any of the covenants or agreements herein contained, the prevailing Party in litigation shall be entitled to all costs and expenses, including a reasonable attorney's fees, which may arise or accrue from enforcing or terminating this contract, or in obtaining possession of the Property, or in pursuing any remedy provided hereunder or by applicable law.[30]

Defendants argue they are entitled to fees under this provision because "[Defendants'] defense of [Plaintiff's] RICO claim, which sought to invalidate and rescind the enforcement of the Purchase

---

[26] *See* dkt. 139.

[27] *See* Dkt. 148 at 2–9.  Plaintiff also argues—without citation to authority—that only a plaintiff may be awarded attorney fees in a RICO action.  Dkt. 148 at 9.  While RICO itself only provides a statutory basis for an award of attorney fees to a plaintiff, *see* 18 U.S.C. § 1964(c), it does not foreclose the possibility of an award based on a contract.  Thus, the court will consider Defendants' contract-based arguments.

[28] *See* Utah Code § 78B-5-826; Nev. Rev. Stat. § 18.010.

[29] *See, e.g.*, *Hahnel v. Duchesne Land, LC*, 2013 UT App 150, ¶ 16, 305 P.3d 208 ("If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms." (citation omitted)); *Dobron v. Bunch*, 215 P.3d 35, 38 (Nev. 2009) ("This court has held that '[w]here a contract provision purports to allow attorney's fees in an action arising out of the terms of the instrument, we will not construe the provision to have broader application.'" (alteration in original) (citation omitted).

[30] Dkt. 95-3 at 18.

Contract, the Promissory Note and Deed of Trust . . . are actions to enforce [those] Contracts."[31] That is, Defendants argue they are entitled to fees because their successful defense of Plaintiff's RICO claim was tantamount to an action to enforce the relevant contracts. This argument proves too much.

The court disagrees that Plaintiff's RICO claim "sought to invalidate and rescind the enforcement of" the various contracts. Contrary to Defendants' assertion, the only remedies available for a civil RICO claim are treble damages and an award of reasonable attorney fees.[32] Indeed, Plaintiff sought only treble damages and reasonable attorney fees under his RICO claim.[33] Plaintiff's request for rescission, on the other hand, was rooted in his state law claims for breach of contract and unjust enrichment.[34] Because the court declined to exercise jurisdiction over the state law claims, neither party prevailed on a claim under which Plaintiff sought rescission. The court simply declined to exercise supplemental jurisdiction over those claims. Thus, the court finds Defendants are not entitled to attorney fees under the Purchase Agreement on this basis.[35]

### C. Promissory Note

The Promissory Note provides:

> The undersigned jointly and severally agree to pay the following costs, expenses and attorney's fees paid or incurred by the holder of this Note, or adjudged by a court; (1) reasonable costs of collection, costs and expenses and attorney's fees paid

---

[31] Dkt. 153.

[32] *See* 18 U.S.C. § 1964(c).

[33] Dkt. 95, ¶ 150 ("As a direct and proximate result of Mr. Heath's violations of 18 U.S.C. §1962(c) and §1964(c), Harry S. Johnson is entitled to three-fold his damages and the costs of suit, including a reasonable attorney's fee.").

[34] Dkt. 95 at 65, ¶ 1. As such, it would have been possible for Plaintiff to prevail on his RICO claim but lose on his state law claims—an outcome that would entitle Plaintiff to treble damages but not rescission of the Purchase Agreement.

[35] Additionally, Defendants do not address the opening clause of this provision, which requires that one of the parties "default in any of the covenants or agreements herein contained." Dkt. 95-3 at 18. Defendants' Motion does not identify a default by either party.

or incurred in connection with the collection of this Note, whether or not suit is filed, and (2) costs of suit and such sum as the court may adjudge as attorney's fees in any action to enforce payment of this Note or any part of it.[36]

It is unclear exactly what Defendants' argument is concerning their entitlement to fees under the Promissory Note. But it appears Defendants argue they are entitled to fees under this provision because their defense of Plaintiff's RICO claim constituted fees paid or incurred in connection with the collection of this Note.[37] This argument falls short for reasons similar to those discussed above in connection with the Promissory Note. Plaintiff's RICO claim does not in any way seek to interfere with collection of the Promissory Note. Instead, it seeks only treble damages and attorney fees. Thus, any attorney fees incurred in connection with Defendants' defense of Plaintiff's RICO claim were not fees incurred "in connection with the collection of [the Promissory Note]," and Defendants are not entitled to fees under the Promissory Note.

### D. Deed of Trust

The Deed of Trust provides:

To protect the security of the deed of trust, Trustor agrees: To appear in and defend any action or proceeding to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses of Beneficiary and Trustee, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear or be named, and in any suit brought by Beneficiary or Trustee to foreclose this Deed of Trust.[38]

Defendants argue they are entitled to fees under this provision because Defendants were named in—and appeared in—this action, and this action purported to affect the security of the deed of trust.[39] This argument falls short.

---

[36] Dkt. 95-3 at 36.

[37] Dkt. 153 at 3.

[38] Dkt. 95-3 at 38.

[39] Dkt. 153 at 7–9.

Under both Utah and Nevada law, the court's task in evaluating Defendants' Motion is to determine whether the language of the contract supports an award of attorney fees.[40] By its terms, the attorney fees provision in the Deed of Trust applies only to actions in which the "Beneficiary" or "Trustee" appear or are named. In their Motion and Reply, Defendants assert that they are the "Beneficiary" under the Deed of Trust.[41] But the Deed of Trust belies this assertion. As noted above, the Deed of Trust expressly identifies Land Exchange Corporation as "Beneficiary," not Defendants. And Land Exchange Corporation has neither been named in nor appeared in this action. Defendants do not argue—or explain why—the court should consider them to be the "Beneficiary" under the Deed of Trust when the Deed of Trust itself identifies Land Exchange Corporation as "Beneficiary." As a result, Defendants are not entitled to fees under the Deed of Trust.

## CONCLUSION

For the reasons explained above Defendants' Motion for Attorney Fees[42] is DENIED. The Clerk of Court is directed to close the case.

**SO ORDERED** this 14th day of August 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[40] *See Hahnel*, 2013 UT App 150, ¶ 16; *Dobron*, 215 P.3d at 38.

[41] Dkt. 139 at 11; dkt. 153 at 7.

[42] Dkt. 139.