FILED
2020 SEP 23 PM 12:48
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HARRY S. JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HEATH and DAWN HEATH, individuals,<br><br>Defendants. | **ORDER DENYING MOTION TO ALTER AND AMEND**<br><br>Case No. 2:17-cv-00416<br><br>Chief Judge Robert J. Shelby |

On September 14, 2020, Defendants filed a "Motion to Alter and Amend Pursuant to Fed. R. Civ. P. 59."[1]  For the reasons explained below, Defendants' Motion is DENIED without prejudice.

## BACKGROUND

On August 17, 2020, the court issued a Memorandum Decision and Order denying Defendants' Motion for Attorney Fees (the MDO).[2]  That same day, the court entered a Judgment in which it dismissed with prejudice Plaintiff's claim for relief under the Racketeer Influenced and Corrupt Organizations Act and declined to exercise jurisdiction over Plaintiff's state law claims.[3]  On September 14, 2020, Defendants filed a "Motion to Alter and Amend Pursuant to Fed. R. Civ. P. 59," asking the court to alter the MDO and, to the extent necessary,

---

[1] Dkt. 158.

[2] Dkt. 156.

[3] Dkt. 157.

the Judgment.[4]  On September 16, 2020, Plaintiff filed a Notice of Appeal, giving notice that Plaintiff is appealing the Judgment in this case.[5]

## ANALYSIS

As an initial matter, it is well settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[6]  Here, Plaintiff has appealed the court's Judgment to the Tenth Circuit.  As a result, the court has been divested of jurisdiction to alter or amend the Judgment.  Thus, to the extent Defendants' Motion implicates the Judgment—as Defendants seem to suggest at times[7]—the Motion must be denied.

But even if Defendants' Motion was interpreted to only apply to the MDO and not the Judgment, the court would nonetheless deny the Motion without prejudice.  As the Tenth Circuit has explained, a district court may entertain collateral issues such as attorney fees even after a notice of appeal has been filed.[8]  The district court, however, retains discretion to determine whether it will consider such issues in the face of a pending appeal.  That is, the court is not

---

[4] Dkt. 158 at 2 (Defendants Michael Heath and Dawn Heath (the 'Heaths'), through their counsel, hereby move the Court, pursuant to Rule 59(a) (c) and (e) of the Federal Rules of Civil Procedure, to alter and amend the Court's Memorandum Decision and Order Denying Motion for Attorney Fees [Dkt. No. 156] (the 'Decision and Order') and to the extent necessary the Judgment in Civil Case.").

[5] Dkt. 161.

[6] *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) (citation omitted).

[7] Indeed, Defendant's Motion is brought pursuant to Rule 59, which governs motions to alter or amend a judgment. *See* Fed. R. Civ. P. 59.  In their Motion, Defendants ask the court to—in the alternative—construe the Motion pursuant to Rule 54(b). Dkt. 158 at 3 n.1.  But for the reasons explained below, the court would still deny the Motion even if it were construed under Rule 54(b).

[8] *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) ("[A]n award of attorney fees for the case at issue is perhaps the paradigmatic example of a collateral issue a district court may entertain after an appeal has been taken to this court.").

*required* to resolve issues concerning attorney fees when an appeal is pending, and it may instead defer consideration of such issues until after the appeal has been resolved.[9]

Here, the outcome of Plaintiff's appeal may affect the court's analysis of the attorney fees issues presented by Defendants' Motion. Among other things, the appeal potentially implicates this court's previous determinations concerning prevailing party status and related issues. Indeed, the appeal may render this court's previous attorney fees rulings moot. For these reasons, the court concludes it is prudent to defer consideration of any issues concerning attorney fees until after Plaintiff's appeal has been resolved on the merits. Doing so will ensure finality on this issue and will conserve the resources of both the court and the parties. Accordingly, Defendant's Motion is denied without prejudice.

## CONCLUSION

For the reasons explained above Defendants' Motion to Alter and Amend[10] is DENIED without prejudice. The court will, of course, entertain this issue—or any other issues that may be appropriate—following adjudication of the pending appeal.

**SO ORDERED** this 23rd day of September 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[9] *See, e.g.*, *Chung v. Lamb*, Case No. 14-cv-03244-WYD-KLM, 2019 WL 8060186, at *2 (D. Colo. Apr. 30, 2019) (collecting cases); *see also* Fed. R. Civ. P. 54(d), adv. comm. note to 1993 amendments ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").

[10] Dkt. 158.